[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs and the defendants maintain homes on adjoining lots located on a private road known as Prescott Lane in Greenwich, Connecticut. In 1983, the plaintiffs brought an application for an Order to Show Cause seeking injunctive relief with respect to disputes that arose between the parties. The 1983 litigation was terminated by a judgment of the court dated November 15, 1983, entered upon a stipulation of the parties, which recited the ownership of the properties and referred to a certified copy of a map and then provided:
 "Parties stipulated that upon the boundary line as stipulated on said map shall be built a 6 foot high fence, which shall be double faced. It shall be jointly and equally paid for by the plaintiff and the defendant. Parties further stipulate that upon the right-of-way known as Prescott Lane, said boundary line shall be extended in a southerly direction between the two properties outward towards Prescott Lane.
 Plaintiffs shall not park easterly of the boundary line as extended.
 Defendants shall not park westerly from the boundary line as extended. CT Page 11023
 Monuments delineating the boundary line as extended shall be placed on either side of Prescott Lane.
 Each side is enjoined from parking on the other's property.
Each side has agreed to the stipulation."
On December 19, 1983 the matter again came before the court and the following determination was made:
 "Came before this court on Motion for Contempt. After having heard testimony on such motion it is hereby ordered that the judgment remain in full force and the surveyor's specification adhered to."
The plaintiffs have filed the present application seeking contempt citations as a result of claimed violations by the defendants of the orders issued in 1983. The plaintiffs offered testimony that since the 1983 orders were issued, the police have been called to resolve disputes between the parties on 65 occasions and the defendants offered testimony that the number of occasions was significantly larger than 65. The court, during the evidentiary hearing, heard testimony referring to a myriad of disputes between the parties. It is fair to say that patience, understanding, compromise and restraint have not characterized the relationship between the parties to this litigation and, as a result thereof, a personal toll has been extracted from all parties concerned. The court is, however, not in a position to solve, or to decide, the emotional injuries which each party has claimed to have suffered as a result of the conduct of the other party. The court is, however, in a position to enforce the orders of the court.
"`The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and wilfully refuses his obedience, does so at his own peril.'. . .' [A]n order issued by a court with jurisdiction over the subject matter and the person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'. . . The duty to obey the injunction exists `however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of CT Page 11024 the case.' . . ." Cologne v. West Farms Associates, 197 Conn. 141,147-148 (1985). (citations omitted)
The court finds that the defendants knowingly, wilfully and intentionally parked a vehicle, for a period of years, westerly of the boundary line as extended, in violation of the 1983 order of the court. The court further finds that the vehicle was only removed when the present proceeding was instituted and that the removal was in contemplation of the fact that the location of the vehicle would be an issue in the present proceeding. The court therefore finds that the defendants were knowingly in violation of the order of the court and therefore awards to the plaintiff the sum of $2,500 which was paid by the plaintiffs to their attorneys to prosecute the present contempt proceeding. Such an award is made merely to compensate the plaintiffs for the damages incurred as a result of the actions of the defendants.
The parties are also in dispute with respect to the installation and removal of a bump in the middle of Prescott Lane.
However, the court finds the evidence inconclusive as to the ownership of that roadway and does not regard the creation of the bump as a violation of the 1983 order of the court. Accordingly, the court makes no determination with respect to the bump.
It is also apparent from the testimony that the fence between the properties is in a state of disrepair. Each of the parties asserts that the other is responsible for the deterioration of the fence. While the defendant claims that the fence is on their property, a surveyor, retained by the defendants, testified at the request of the plaintiffs that the fence is located entirely upon the property of the plaintiffs except for one location where the fence may be less than 1/4 inch over the boundary line. The court credits the testimony of the surveyor retained by the defendants. The plaintiffs have expressed a willingness to repair and reconstruct the fence, at their own cost and expense, and accordingly, the court directs that the defendants shall not interfere with the erection of a new fence, in compliance with the court order issued in 1983, by the plaintiffs at their expense provided that the fence is placed solely on the property of the plaintiffs except where the fence meets the metal surveyor's stake and at that point the fence shall be placed on the boundary line.
The original order of the court in 1983 required the fence to be double faced but the defendants declined to have their side of CT Page 11025 the fence have such a facing and that condition has existed for nine years. Accordingly, the plaintiffs, in repairing or constructing the new fence, shall not be required to place a facing on the defendants' side of the fence unless the defendants agree to pay the cost thereof.
The defendants are further ordered and directed not to remove or damage the belgian block curbing placed by the plaintiff in front of their own property.
The plaintiffs have also requested the court to impose civil penalties upon the defendants for future violations of the orders of the court. However, the court believes that the present proceeding will heighten the awareness of the defendants of the effect of violating orders of the court, and, therefore, the court declines to impose such penalties at this time.
The motion for a judicial review of the subject area filed by the defendants after the evidentiary hearing is denied.
RUSH, J.